UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SEAN RUTLEDGE, | CASE NO. 1:20-cv-582 |
| PLAINTIFF, | JUDGE PAMELA A. BARKER |
| vs. | MEMORANDUM OPINION AND ORDER |
| CORRECTIONS OFFICER ELSON, et al., | |
| DEFENDANTS. | |

*Pro se* plaintiff Sean Rutledge ("Rutledge"), a state prisoner, brings this action pursuant to 42 U.S.C. § 1983 against defendants Corrections Officer Elson, Dana Blankenship, Chris Lambert, Lt. Wojciecahowski, Warden Sheldon, Kurt Dahlby, Mark Bratton, Lisa Booth, Ms. Sudberry, CR Kirkpatrick, and Mansfield Correctional Institution ("MCI") (collectively, "defendants"). Rutledge alleges a violation of his rights under the First and Fourteenth Amendments of the United States Constitution and seeks One Million Dollars in relief. (Doc. No. 1.)

For the reasons that follow, this action is dismissed.

**A. Background**

Rutledge is a state prisoner confined at MCI. He alleges that on September 28, 2019,[1] defendant Elson assaulted him in the dining room in the presence of defendant Wojciecahowski. (Doc. No. 1 at 3.) Beyond this conclusory statement, Rutledge's allegations and claims are

---

[1] The pleading states the events at issue in this action began on September 28, 2020 which, in the spirit of liberal construction, the Court construes as September 28, 2019. (*See* Doc. No. 1 at 3 (page number references are to page identification numbers generated by the Court's electronic filing system).)

difficult to discern.  Rutledge claims difficulty filing an "ICR"[2] on a JPay kiosk and that he did not have access to paper ICR forms.  The same night as the alleged assault in the dining hall, Rutledge claims "that officer" came to his cell block to pick a fight by calling Rutledge "a pussy an[d] snitch."  (*Id*. at 5.)  Rutledge's claims against defendants Lambert, Booth, and Bratten are difficult to discern, but appear to reference their involvement in the ICR process.  (*See id*.)  Rutledge also claims that defendants Booth and Blankenship advised him regarding his state remedies, told him that they would see to it that his life was a living hell, and took his television.  (*See id*. at 6.)  With respect to defendant Sudberry, Rutledge claims she and he were involved in an altercation on February 10, 2020 and Sudberry caused defendant Kirkpatrick to expel him from a prison education program.  (*See id*. at 7.)  Lastly, Rutledge generally claims that unwarranted physical force is used by correctional staff at MCI.  (*See id*. at 6.)

### B.  Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), the Court must review and dismiss an *in forma pauperis* complaint that fails to state a claim upon which relief may be granted.  *Hill v. Lappin,* 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that *Twombly /Iqbal* standard applies to review of prisoner complaints under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim).  To pass this threshold review, the complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible when the complaint contains "factual content that allows the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements."  *Twombly*, 550 U.S. at 555.  Its "factual allegations must

---

[2]  Rutledge does not indicate the meaning of the acronym ICR.

2

be enough to raise a right to relief above the speculative level." *Id.*

When conducting this analysis, this Court accepts as true "all the factual allegations in the complaint" but not "legal conclusion[s] couched as ... factual allegation[s]." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). *Pro se* pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" and must be liberally construed. *Haines v. Kerner,* 404 U.S. 519, 520 (1972); *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (*pro se* complaints are entitled to liberal construction) (citations omitted). That said, the Court is not required to conjure unpleaded facts or construct claims on Rutledge's behalf and he must allege "more than bare assertions of legal conclusions ... to satisfy federal notice pleading requirements." *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted).

### C. Analysis

Rutledge brings this action pursuant to 42 U.S.C. § 1983. In order to state a § 1983 claim, he must allege that a person acting under color of state law deprived him of his rights, privileges, or immunities secured by the United States Constitution. *West v. Atkins*, 487 U.S. 42, 48 (1988). Rutledge fails to state a plausible § 1983 against any of the defendants.

#### *MCI is dismissed*

As an initial matter, defendant MCI is not a legal entity capable of being sued under § 1983. *See Brown v. Imboden*, No. 1:11 CV 529, 2011 WL 3704952, at *2 (N.D. Ohio Aug. 23, 2011) (Mansfield Correctional Institution is not a legal entity capable of being sued or of bringing suit) (collecting cases). MCI is a prison facility under the control of the Ohio Department of Rehabilitation and Correction ("ODRC") and Rutledge's claim against MCI is properly construed as a claim against the ODRC. *See id*.

The ODRC is an agency of the State of Ohio and is not a "person" for the purposes of §

1983. *Henton v. Ohio Dep't of Rehab. & Correction*, No. 1:19 CV 462, 2019 WL 4346266, at *1 (N.D. Ohio Sept. 12, 2019) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989)). Moreover, the State of Ohio and its agencies are immune from suit under the Eleventh Amendment of the United States Constitution unless the State's immunity has been abrogated by Congress or the State of Ohio has consented to be sued. *See Regents of the Univ. of Calif. v. Doe*, 519 U.S. 425, 429 (1997) (Eleventh Amendment immunity applies to state agencies and instrumentalities) (citations omitted). When enacting § 1983, Congress did not abrogate the State's Eleventh Amendment immunity. *Will,* 491 U.S. at 65-66. Nor has the State of Ohio consented to suit under § 1983. *See Wolfel v. Morris*, 972 F.2d 712, 718 (6th Cir. 1992) (the State of Ohio has not waived its Eleventh Amendment immunity from suit in § 1983 cases).

Accordingly, Rutledge's claim against MCI (i.e. the ODRC) is dismissed pursuant to § 1915(e)(2)(B).

### *Warden Sheldon is dismissed*

No factual allegations appear in the complaint against defendant Sheldon. To the extent that Rutledge's claims against Sheldon rely upon Sheldon's status as the warden of MCI, that claim fails because a supervisor cannot be held liable under § 1983 solely upon a theory of respondeat superior. *Taylor v. Michigan Dep't of Corr.,* 69 F.3d 76, 80-81 (6th Cir. 1995). In order for a supervisor to be liable, there must be some showing that the supervisor "'*at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate.*'" *Id*. (emphasis in original) (quoting *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)). Plaintiff alleges no facts from which this Court can infer that Sheldon implicitly authorized, approved, or knowingly acquiesced in the alleged unconstitutional conduct of any defendant. And merely listing Sheldon in the caption of the complaint and alleging

constitutional violations in the body of the complaint is insufficient to sustain recovery under § 1983.  *Gilmore v. Corr. Corp. of Am.,* 92 F. App'x 188, 190 (6th Cir. 2004).  Warden Sheldon is dismissed from this action pursuant to § 1915(e)(2)(B).

### *Defendants Elson and Wojciecahowski are dismissed*

Rutledge's only claim against defendant Elson is the conclusory allegation that Elson assaulted him in the dining hall and, later that evening, came to Rutledge's cell and taunted him from a distance.  His only claim against defendant Wojciecahowski is that she observed the alleged assault and smiled at him and followed him as he left the dining hall.  (*See* Doc. No. 1 at 3, 5.)

Rutledge's cursory and conclusory allegations against defendants Elson and Wojciecahowski do not contain sufficient factual content that allows the Court to draw the reasonable inference that either defendant is liable for violating his constitutional rights.  *See Iqbal*, 556 U.S. at 678.  Rutledge's claims against defendants Elson and Wojciecahowsk are dismissed pursuant to § 1915(e)(2)(B).

### *Defendants Blankenship, Lambert, Dahlby, Bratton, Booth, Sudberry and Kirkpatrick are dismissed*

Rutledge's only allegation against defendant Sudberry is that he had an altercation with her and that she caused defendant Kirkpatrick to withdraw him from an education program at MCI.  This cursory allegation is devoid of sufficient factual content from which this Court may infer that defendants Sudberry and Kirkpatrick violated any of Rutledge's constitutional rights, and they are dismissed pursuant to § 1915(e)(2)(B).

With respect to defendants Booth and Blankenship, Rutledge alleges that he followed their instructions regarding his state remedies, said they would make his life a living hell, and

5

took his television. The Court cannot reasonably infer from these factual allegations that defendants Booth and Blankenship violated any of Rutledge's constitutional rights, and they are dismissed pursuant to § 1915(e)(2)(B).

Rutledge's allegation against Lambert, Dahlby, and Bratton is cursory, vague, and difficult to discern: "I have copies of each interaction from all parties. Theirs [and] people that comment on the ICR without stating even if they work here at this Inst. Their names are Chris Lambert, Kurt Dahlby, Marc Bratton." (Doc. No. 1 at 5.) Even with the benefit of liberal construction, the Court cannot infer any constitutional violation against Rutledge by defendants Lambert, Dahlby, and Bratton, and they are dismissed pursuant to § 1915(e)(2)(B).

### D. Conclusion

For all the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**


Date: June 5, 2020                              *S/Pamela A. Barker*
                                                Pamela A. Barker
                                                U.S. District Judge